UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOMER JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-614-G |
| | ) |
| FNU PEDIGREW, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Petitioner Homer Jones, a state prisoner, filed this action seeking federal habeas relief pursuant to 28 U.S.C. § 2241. *See* Am. Pet. (Doc. No. 10). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for preliminary review.

On October 20, 2021, Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 12), in which he recommended the Amended Petition be dismissed upon preliminary review for failure to plead a § 2241 habeas claim upon which relief can be granted. Petitioner filed a timely written Objection (Doc. No. 13). Thus, the Court must make a de novo determination of those portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In his Amended Petition, Petitioner alleges that he is being unlawfully detained in connection with his February 1985 Oklahoma state-court criminal conviction. *See* Am. Pet. at 1-3, 6-7, 8 ("I am Cherokee Indian. The State of Okla[homa] does not, [and has

never had], legal jurisdiction over crimes com[m]itted on Indian Land. All of Okla[homa] is Indian Land."). Petitioner seeks either his immediate release from custody or a hearing in this Court. *See id.* at 8.

Judge Erwin in the R. & R. addressed Petitioner's habeas claim and found that it was not cognizable under 28 U.S.C. § 2241, as Petitioner's jurisdictional and due-process arguments are attacking his state-court conviction and sentence rather than the nature of Petitioner's confinement. *See* R. & R. at 4-5; *see also Jones v. Pedigrew*, No. CIV-21-290-G, 2021 WL 2815810, at *3 (W.D. Okla. Apr. 19, 2021) (R. & R.), *adopted*, 2021 WL 2809433 (W.D. Okla. July 6, 2021). Judge Erwin therefore recommended that this matter be dismissed pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* R. & R. at 1-2, 6 (citing *Mayle v. Felix*, 545 U.S. 644 (2005)).

Petitioner's Objection primarily consists of ad hominem attacks against Judge Erwin and a baseless contention that because the State lacked jurisdiction over his criminal prosecution, "THERE IS NO CONVICTION," "there is NO SENTENCE to challenge," and "THERE ARE NO Court records." Pet'r's Obj. at 2. These arguments are plainly meritless. Petitioner additionally objects to summary dismissal of his pleading, *see id.* at 1, but as Petitioner is well aware the Court's screening obligation "may be applied to § 2241 habeas petitions, as well as actions brought under 28 U.S.C. § 2254." *Jones v. Pedigrew*, No. CIV-21-290-G, 2021 WL 8945249, at *2 (W.D. Okla. Dec. 23, 2021); *see also Parker v. Crow*, 822 F. App'x 716, 718 (10th Cir. 2020). This objection is likewise overruled.

2

CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 12) is ADOPTED in its entirety. Petitioner's Motion (Doc. No. 11) is DENIED AS MOOT, and this matter is DISMISSED. A separate judgment shall be entered.

Rules 1(b) and 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts require the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 2nd day of September, 2022.

_/s/ Charles B. Goodwin_
CHARLES B. GOODWIN
United States District Judge